United States District Court
Southern District of Texas
**ENTERED**
March 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SANDY SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-479 |
| | § | |
| BANK OF AMERICA, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is "Defendant Safeguard Properties, Inc.'s [(Safeguard's)] Motion to Dismiss Plaintiff's Fourth Amended Original Complaint" (D.E. 67). According to her complaint (D.E. 59) alleging wrongful foreclosure, Plaintiff has sued Safeguard and its employees, agents, or servants, including Ironhorse Property Preservation (Ironhorse), for unlawfully and maliciously invading her home and vandalizing it, along with destroying and/or stealing her possessions. D.E. 59, p. 8, ¶ 30, pp. 23-27, ¶¶ 90-96. Plaintiff further claims that she had to get assistance from friends and neighbors to prevent Safeguard from taking her remaining possessions after the day of destruction and that Safeguard continues to pursue surveillance on her home. *Id*. at ¶ 93.

Plaintiff states claims against Safeguard, together with Ironhorse and other Defendants as principals or agents/servants, for (a) negligence and gross negligence in executing a writ of possession, (b) conversion of personal property, and (c) negligent and intentional infliction of emotional distress (IIED). She seeks damages for the property

1

destruction, as well as mental anguish damages and punitive damages. For the reasons set out below, the motion to dismiss is GRANTED IN PART and DENIED IN PART.

First, Safeguard seeks dismissal of the claims against it, claiming that they are not supported by factual allegations. Rather, taking a legal and factual position contrary to Plaintiff's pleading, Safeguard contends that any inappropriate conduct was undertaken by others for whom Safeguard has no liability. More specifically, Safeguard claims that its involvement was only to hire a local, independent contractor to perform the work at the property.

Whether principles apply to isolate the conduct of independent contractors from those who hire them is a fact-intensive inquiry. *See generally, Thompson v. Travelers Indem. Co. of Rhode Island*, 789 S.W.2d 277, 278-79 (Tex. 1990) (addressing issues of control, such as when and where to begin and stop work, the regularity of hours, the amount of time spent on particular aspects of the work, the tools and appliances used to perform the work, and the physical method or manner of accomplishing the end result). On a Rule 12(b)(6) motion to dismiss, this Court does not make fact findings, but rather considers the allegations, construed in favor of Plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has alleged that Ironhorse was hired and worked as an employee, agent, or servant of Safeguard. Nothing in the allegations requires a conclusion to the contrary. Therefore, Safeguard's first basis for dismissal is DENIED.

Second, Safeguard challenges the cause of action for negligent infliction of emotional distress as contrary to Texas law. Safeguard is correct. *Boyles v Kerr*, 855

S.W.2d 593, 594 (Tex. 1993). The Court GRANTS Safeguard's second basis for dismissal and DIMISSES Plaintiff's claims for negligent infliction of emotional distress.

Third, Safeguard challenges the cause of action for IIED, claiming that Safeguard's conduct is insufficient to satisfy Plaintiff's burden to show Safeguard's specific intention to cause an emotional injury as its primary purpose. Plaintiff's complaint describes a scene of destruction that greatly exceeds conduct necessary to remove personal property from a home. Things were broken, eaten, drunk, stolen, and smeared in oil and paint, conceivably indicating an intent to send the homeowner a threatening or degrading message and maximize her feeling of having been violated. On a Rule 12(b)(6) motion, the Court construes the allegations in favor of Plaintiff. Safeguard's third basis for dismissal is DENIED.

Fourth, Safeguard challenges the IIED cause of action as unavailable due to the fact that other conventional tort theories could apply to the conduct complained of. It is true that IIED is intended to be a gap-filler to provide redress when no other theory applies. *Hoffmann-La Roche Inc. v Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). However, where an independent set of facts could support the claim, it is not barred. *Id.* at 450. Here, a negligence theory may supply some mental anguish damages. However, the essence of Plaintiff's IIED claim is not only that her belongings were destroyed, but that they were destroyed in such a manner as was calculated to intimidate and demean her. She also alleges continuing surveillance of her home adding to the mental component of her claim. Under the Rule 12(b)(6) standard of review, the Court DENIES Safeguard's fourth basis for dismissal.

3

For the reasons set out above, the motion (D.E. 67) is GRANTED IN PART and the claim for negligent infliction of emotional distress is DISMISSED. The balance of the motion is DENIED and Plaintiff is permitted to proceed against Safeguard on her claims for negligence, gross negligence, conversion, and IIED.

ORDERED this 24th day of March, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE